PROB 12C
(04/08)

August 25, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG 28 PM 4: 52

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Tulio ESPINOZA-DeLos Monteros (English)     **Dkt No.:** 08-CR-2063-004-WQH
   Charged As: (same)

**Reg. No.:** 08748-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Date of Sentence:** August 4, 2008

**Original Offense:**   8 U.S.C. § 1324(a)(1)(A)(I) and (v)(II), Bringing In Illegal Aliens and Aiding and Abetting, a Class D felony.

**Sentence:** Time served; 3 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** August 4, 2008

**Asst. U.S. Atty.:** Davene Finnel          **Defense Counsel:** Jodi Thorp (Appointed)
                                                   (619) 233-3169 Ext. 14

**Prior Violation History:** None.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| (Condition)<br>Report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons. *(nv5)* | 1. | Mr. Espinoza-DeLos Monteros failed to report to the probation office within 72 hours of his release from custody, and his current whereabouts are unknown. |

Name of Offender: Tulio ESPINOZA-DeLos Monteros             August 25, 2008
Docket No.: 08-CR-2063-004-WQH                                      Page 2

---

***Grounds for Revocation:*** On August 6, 2008, Mr. Espinoza-De Los Monteros was sentenced to time served and 3 years supervised release. Although he was allowed to reside in Mexico, he was instructed by the Court to report to the Probation office within 48 hours. The offender failed to report to the probation office, and his current whereabouts are unknown.

### VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Espinoza-De Los Monteros' adjustment on supervision has been poor. He failed to report to the probation officer as instructed upon his release from custody and his current whereabouts are unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

According to the Criminal History Report dated July 10, 2008, Mr. Espinoza-De Los Monteros has no prior record. However, he has three arrests for driving without a license; and alien smuggling, in which prosecution was declined.

The offender's family ties are primarily in Mexico.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report to the USPO within 72 hours of release from custody) constitutes a Grade C violation. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

Name of Offender: Tulio ESPINOZA-DeLos Monteros                         August 25, 2008
Docket No.: 08-CR-2063-004-WQH                                                          Page 3

---

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Despite being ordered by the Court to report to probation within 48 hours, Mr. Espinoza-De Los Monteros has failed to report to the probation office, and his current whereabouts are unknown.

If found in violation, it is recommended that supervised release be revoked, and the low end of 3 months custody be imposed, with 33 months supervised release to follow with the same conditions as previously ordered including not enter or reside in Mexico without written permission of the Court or probation officer. It is further recommended that the offender reside in a Residential Reentry Center (RRC) for up to 120 days to allow him to obtain verifiable employment.

PROB 12C

| | |
|---|---|
| Name of Offender: Tulio ESPINOZA-DeLos Monteros | August 25, 2008 |
| Docket No.: 08-CR-2063-004-WQH | Page 4 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 25, 2008

Respectfully submitted:　　　　　　　　　　　Reviewed and approved:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by *(signature)*　　　　　　　　　　　　　　　*(signature)*
Janice Rogers-Archie　　　　　　　　　　　　Mary M. Murphy
United States Probation Officer　　　　　　　Supervising U.S. Probation Officer
(619) 409-5114

# VIOLATION WORKSHEET

1. **Defendant:** ESPINOZA-DeLos Monteros, Tulio

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-2063-004-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Failure to report to the USPO within 72 hours of release from custody | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))　　　　　　　　[ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))　　　　　　　　　　　[ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))　　　　　　　　　[ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

____✓____  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  Other _____

_____

_____

_____        8/27/08
The Honorable William Q. Hayes                    Date
U.S. District Judge

EOA
jra/jra